**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1395**

GUILLERMO FIDEL PINO-GUEVARA,

        Petitioner,

      v.

WILLIAM P. BARR, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  December 20, 2019              Decided:  January 7, 2020

Before WILKINSON, KEENAN, and DIAZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

John T. Riely, Rockville, Maryland, for Petitioner.  Joseph H. Hunt, Assistant Attorney General, Jessica E. Burns, Senior Litigation Counsel, John F. Stanton, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Guillermo Fidel Pino-Guevara, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the Immigration Judge's decision denying Pino-Guevara's application for asylum and withholding of removal. We have reviewed Pino-Guevara's claims and the administrative record and conclude that the Board correctly applied the law, and that substantial evidence supports the Board's decision, *see INS v. Elias-Zacarias,* 502 U.S. 478, 481 (1992).

Accordingly, we deny the petition for review for the reasons stated by the Board. *See In re Pino-Guevara* (B.I.A. Mar. 14, 2019).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] On appeal, Pino-Guevara claims that the administrative agency lacked jurisdiction over his removal proceedings because his notice to appear did not state the time and place of his initial removal hearing. *See Pereira v. Sessions,* 138 S. Ct. 2105 (2018) (holding that notice to appear that fails to designate time or place of removal proceeding does not trigger stop-time rule ending alien's continuous presence period for cancellation of removal). Upon review, we find Pino-Guevara's claims are squarely foreclosed by our decision in *United States v. Cortez*, 930 F.3d 350 (4th Cir. 2019) (holding that the failure of a notice to appear to include a date and time for petitioner's removal hearing "does not implicate the immigration court's adjudicatory authority or 'jurisdiction'").

2